United States District Court
Southern District of Texas
**ENTERED**
September 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 6:20-46-(S)-6 |
| § | |
| ROBERT IRVING MCGRATH, III, § | |
|    Defendant. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Robert Irving McGrath, III's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.10. D.E. 396.

## I. BACKGROUND

Defendant pled guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine and to the unlawful sale or disposition of a firearm. He has served approximately 36 months (30%) of his 120-month sentence and has a projected release date, after good time credit, of August 10, 2028. He now moves the Court to reduce his sentence to 96 months based on his post-sentencing rehabilitative efforts.

## II. LEGAL STANDARD

The First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), allows a prisoner to move for a sentence reduction under certain circumstances, such as when "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). "[T]his statutory phrase requires a prisoner to show he 'faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner' that leads 'irresistibly' to the conclusion that this prisoner has a 'singular' and 'remarkable' need for early release." *United States v. McMaryion*, 2023 WL 4118015, at *1 (5th Cir. June 22, 2023) (quoting *United States v. Escajeda*, 58 F.4th

1

184, 186 (5th Cir. 2023)). If the district court finds that extraordinary and compelling reasons warrant a sentence reduction, "then the court 'may' reduce the defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

An inmate seeking a sentence reduction "must fully exhaust all administrative rights to appeal, which requires presenting the request to the BOP before seeking a resolution in federal courts." *United States v. Rivas*, 833 F. App'x 556, 557–58 (5th Cir. 2020) (citing 18 U.S.C. § 3582(c)(l)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir.), *cert denied*, — U.S. — (2020)). "After making such a request, the Director of the BOP can move for a reduction on the defendant's behalf. If the Director fails to do so, the defendant can bring his own motion—but only if the defendant either exhausts his administrative remedies with respect to that failure or waits thirty days from the day the warden of the defendant's facility received the request." *Id.* (footnote omitted).

### III. ANALYSIS

Defendant submitted evidence that he has completed three courses through the Psychology Services Department while incarcerated and is currently enrolled in several other classes. His efforts are commendable; however, while the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone. *See* U.S.S.G. § 1B1.10, app. n.1(B)(iii). Defendant has offered no argument or evidence that any other extraordinary and compelling reason exists that would warrant a sentence reduction. He also has not shown that he has complied with the exhaustion requirements under Section 3582(c)(1)(A).

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.10 (D.E. 396) is **DENIED**.

It is so **ORDERED** this 5th day of September, 2023.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE